224 N.J. Super. 726 (1988)
541 A.2d 292
MARCY G. DECKER, INDIVIDUALLY; MARCY G. DECKER, AS CUSTODIAL PARENT OF JACKSON T. DECKER; AND CHARLOTTE GOLDBERG, PLAINTIFFS-APPELLANTS,
v.
THE PRINCETON PACKET, INC., A DELAWARE CORPORATION; JOHN DOE, WHOSE NAME IS FICTITIOUS; AND ABC CORPORATION, WHOSE IDENTITY IS UNKNOWN, JOINTLY, INDIVIDUALLY OR IN THE ALTERNATIVE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 26, 1988.
Decided May 10, 1988.
*727 Before Judges PRESSLER, BILDER and SKILLMAN.
Stephen N. Allen argued the cause for appellants (Robichaud and Associates, attorneys; Louise M. Robichaud, on the brief).
Gerard H. Hanson argued the cause for respondent The Princeton Packet, Inc. (Brener, Wallack & Hill, attorneys; Marilyn S. Silvia, on the brief).
The opinion of the court was delivered by BILDER, J.A.D.
On February 15, 1985 defendant newspaper, The Princeton Packet, mistakenly printed an obituary announcing the *728 death of plaintiff Marcy Decker.[1] It promptly printed a correction and apology. Plaintiff sued, alleging libel, negligent or intentional infliction of emotional distress and gross negligence. On defendant's motion for summary judgment, the trial judge dismissed the complaint, holding that no action could lie. We agree.
While we appreciate the shock plaintiff may have felt in reading of her death, it was necessarily quickly dissipated by her certain knowledge the announcement was premature. That defendant made a mistake is patent but this is not sufficient to give rise to a claim for money damages. The announcement itself contained no defamatory material. Other than incorrectly stating that plaintiff had died suddenly, the obituary was accurate and not uncomplimentary.
Although plaintiff's claim may be a matter of first impression in this state, the issue is not novel. To the contrary, the general rule is well established that the mere publication of an improvident obituary is not defamatory in the absence of additional material of a defamatory nature published in connection therewith. See Prosser and Keaton, The Law of Torts, § 111 at 774 (5th Ed. 1984); O'Neil v. Edmonds, 157 F. Supp. 649, 651 (E.D.Va. 1958); cf. Estill v. Hearst Publishing Co., 186 F.2d 1017 (7th Cir.1951) where the death announcement was accompanied by reports of surrounding circumstances of a defamatory nature. Although we have not heretofore specifically spoken to the narrow question of whether a premature obituary is per se libelous, we have clearly embraced the rule that the question of whether published material is reasonably susceptible of a defamatory meaning is a question of law for the court. See Karnell v. Campbell, 206 N.J. Super. 81, 88 (App.Div. 1985). The trial judge's conclusion that the mere *729 publication of a false notice of death is not defamatory and cannot support any claims for libel was correct.
Nor can plaintiff recover by the use of a different label. At oral argument plaintiff conceded she could not prove an intentional infliction of harm. As to negligent infliction of emotional distress, we agree with the trial judge that this case does not fall within those limited exceptions in which recovery is permitted. See Portee v. Jaffee, 84 N.J. 88, 101 (1980); see also Tumminello v. Bergen Evening Record, Inc., 454 F. Supp. 1156, 1158-1160 (DCNJ 1978).
Affirmed.
NOTES
[1] For convenience we refer to Marcy Decker as the plaintiff. Although claims were also asserted on behalf of her child and by her mother, all the arguments relate to Ms. Decker's claim.